

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00141-CV

---

WILLIAM J. SCHULTZ, INC. D/B/A CIRCLE C. CONSTRUCTION COMPANY,
APPELLANT

V.

JACK A. HARVEY, JR., APPELLEE

---

On Appeal from the 67th District Court
Tarrant County, Texas
Trial Court No. 067-354687-24, Honorable Donald J. Cosby, Presiding

---

August 13, 2025

## ORDER ON ABATEMENT AND REMAND[1]

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

William J. Schultz, Inc. d/b/a Circle C. Construction Company filed this restricted

appeal from the trial court's default judgment in favor of appellee, Jack A. Harvey, Jr. We

abate and remand this appeal.

---

[1] Because this matter was transferred from the Second Court of Appeals, we apply its precedent when it conflicts with that of the Seventh Court of Appeals. TEX. R. APP. P. 41.3.

Schultz filed notice of restricted appeal on March 14, 2025. By order of the Texas Supreme Court, this appeal was transferred from the Second Court of Appeals to this Court on April 2, 2025. *See* TEX. GOV'T CODE ANN. § 73.001. A clerk's record, supplemental clerk's record, and Schultz's brief have been filed.

By letter dated June 19, 2025, Schultz requested that the Clerk of the 67th Judicial District Court of Tarrant County prepare a second supplemental clerk's record and file it with this court. That request asked the court to include several missing items that are vital to the appeal, including 1) motion to approve substituted service under Rule 106, along with all attachments, 2) citation dated July 26, 2024, 3) letter requesting service, file-stamped July 25, 2024, 4) citation dated October 23, 2024, 5) affidavit of service, dated November 12, 2024, and 6) affidavit of Jack A. Harvey, Jr., filed-stamped January 17, 2025. To date, no supplemental clerk's record has been received.

Therefore, we abate this appeal and remand the cause to the trial court for further proceedings. Upon remand, the judge of the trial court is directed to cause notice to be given of and to conduct a hearing to determine the status of the preparation of the second supplemental clerk's record and the existence of the aforementioned documents.

The trial court is directed to: 1) conduct any necessary hearings; 2) determine whether the aforementioned documents exist and are in the possession of the Tarrant County District Clerk/District Clerk for the 67th District Court; 3) if they exist and are in that Clerk's possession, determine when that Clerk will prepare a supplemental clerk's record including those documents and file it with the Clerk of the Seventh Court of Appeals, 4) if the aforementioned documents are not in the possession of the Tarrant County District Clerk/District Clerk for the 67th District Court, then determine if they once

2

were, why they are currently not in said possession, and whether they can be recreated through agreement of the parties to this cause; 5) draft and file appropriate findings of fact responding to the directives in this paragraph; and 6) cause its findings of fact to be filed with the Clerk of the Seventh Court of Appeals on or before September 13, 2025. The Tarrant County District Clerk/District Clerk for the 67th District Court filing a supplemental record containing the documents requested by Schultz before the 67th Judicial District Court acts renders moot our directives to that district court.

Per Curiam

3